[Cite as *Cedeno v. Wilson*, 2026-Ohio-3117.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

RANDY CEDENO,                                    :

    Plaintiff-Appellee,                    :

                                  No. 115931

    v.                                                :

WILLIAM E. WILSON,                            :

    Defendant-Appellant.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** August 13, 2026

---

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2025-CVG-001665

---

*Appearances:*

Paley Law LLC, and Rochelle L. Paley, *for appellee.*

Mark W. Biggerman, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant William Wilson ("Wilson"), with the assistance of counsel, appeals from the trial court's November 13, 2025 judgment granting plaintiff-appellee Randy Cedeno's ("Cedeno") partial motion for summary

judgment. After a careful review of the procedural history of the case and the pertinent law, we dismiss the appeal.

{¶ 2} On January 27, 2025, Cedeno, as landlord of the premises at issue, filed a complaint for forcible entry and detainer and unpaid rent against Wilson, as tenant of the subject premises. Wilson, pro se, answered the second cause of action and asserted a counterclaim. In his answer, Wilson did not admit or deny any of the allegations in the complaint; rather, he asserted that the allegations were "n/a" and that he was "scammed." In his counterclaim, Wilson requested "the maximum amount allowed by [the] court" for Cedeno's alleged "fraud" and "fail[ure] to abide [by] housing laws."

{¶ 3} The case proceeded to pretrial matters and discovery. On June 3, 2025, Cedeno served Wilson with requests for admissions. Wilson failed to respond, and on July 9, 2025, Cedeno filed a motion to have the admissions deemed admitted. On July 23, 2025, Wilson filed a motion for an extension of time to respond to the requests for admissions. On August 1, 2025, the trial court denied Wilson's motion for an extension of time as untimely and granted Cedeno's motion to have the requests deemed admitted.

{¶ 4} On August 19, 2025, Cedeno filed a motion for summary judgment on his second cause of action and Wilson's counterclaim. In an order dated August 25, 2025, the trial court stated that Wilson had until September 16, 2025, to respond to Cedeno's summary-judgment motion.

{¶ 5} On August 29, 2025, Wilson, who until this time had been proceeding pro se, filed, by and through counsel, an emergency motion to stay proceedings. In the motion, counsel indicated that he was making a "limited appearance" for the purpose of filing the emergency motion (counsel also filed a notice indicating his "limited appearance"). Counsel indicated that "earlier [in the] week," Wilson was rushed by ambulance to the emergency room, where he was admitted to the hospital, diagnosed with severe diverticulitis, and underwent surgery. Counsel stated that the surgery was successful, but that Wilson's recovery would be "extensive."

{¶ 6} Moreover, counsel informed the trial court that "[j]ust several weeks ago," Wilson was also diagnosed with a vertebrae injury. The injury left Wilson with "extreme numbness in his hands," "severely restricted . . . mobility," and "literally restricted [Wilson] to the extent that he can barely use his cell phone and [was] unable to write or use a computer."

{¶ 7} Counsel further stated the following:

I have known Mr. Wilson for a number of years and I can attest to the severity of his current condition and difficult period of recovery. In fact, I have personally visited him in the hospital. His responsiveness is limited. Therefore, because of the circumstances, he asked me if I would file this motion on his behalf.

{¶ 8} On September 19, 2025, the trial court denied Wilson a stay but based on his alleged medical condition granted him an extension of time until October 17, 2025, to reply to Cedeno's motion for summary judgment. Wilson did not file a brief in opposition to the summary-judgment motion, and on November 13, 2025, the trial court granted partial summary judgment in favor of Cedeno and issued notice

of a final, appealable order to the parties and counsel. In its judgment, the trial court specifically noted that Wilson had failed to file a brief in opposition to Cedeno's summary-judgment motion; the trial court's judgment did not mention a motion for second extension of time filed by Wilson. Counsel has filed this appeal on Wilson's behalf and raises the following two assignments of error for our review:

> I. The Trial Court erred when granting Appellee's motion for summary judgment by abusing its discretion in denying Appellant's motion for an extension of time to respond to Appellee's motion.

> II. The Trial Court erred when granting Appellee's motion for summary judgment by failing to provide Appellant procedural due process.

{¶ 9} We begin by noting that, in his appellee brief, Cedeno states that Wilson filed a second motion for extension of time to respond to the summary-judgment motion on October 14, 2025, but because of an error by the clerk of courts office, the motion neither appeared on the docket nor was there any indication in the record that it was forwarded to the trial court judge for consideration. Wilson states that he filed the motion but contends that the trial court failed to rule on the motion prior to granting partial summary judgment in favor of Cedeno and, therefore, requests that we deem it as denied.

{¶ 10} This court, noting that the October 14, 2025 motion for extension of time did not appear on the certified docket originally prepared by the clerk of courts for this appeal and that the motion was not in the record, ordered the trial court to reconcile the record in accordance with App.R. 9. The trial court corrected the docket and provided this court with a copy of Wilson's October 14, 2025 motion for extension of time. We note that although the motion was not originally part of the

record as a stand-alone filing, a time- and date-stamped copy of the motion was attached as an exhibit to a filing Wilson made on November 20, 2025 — a Civ.R. 60(A) motion for relief from judgment — after the court issued its November 13, 2025 judgment granting partial summary judgment in favor of Cedeno.[1]

{¶ 11} However, it is well established that "'[a]ppellate review is limited to the record as it existed at the time the trial court rendered its judgment.'" *Blevins v. Blevins*, 2014-Ohio-3933, ¶ 14 (10th Dist.), quoting *Franks v. Rankin*, 2012-Ohio-1920, ¶ 73 (10th Dist.), citing *Wiltz v. Clark Schaefer Hackett & Co.*, 2011-Ohio-5616, ¶ 13 (10th Dist.). "'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.'" *Franks* at *id.*, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus.

{¶ 12} Because we are limited to consideration of the record that the trial court had at the time it rendered its November 13, 2025 decision, and because Wilson has not appealed from the trial court's decision on his motion for relief from judgment, we will not consider Wilson's November 20, 2025 motion for relief from judgment, the relevant appended exhibit, or the October 14, 2025 motion added to the record after this appeal was filed. We acknowledge that this court ordered the trial court to reconcile the record in accordance with App.R. 9. Although App.R. 9(E) allows for supplementation of the record, it has been held that the reviewing

---

[1] The trial court denied Wilson's Civ.R. 60(A) motion on December 3, 2025.

court can only consider the added material if it "'was in fact considered by the trial court in rendering its decision.'" *Am. Hotel Group, LLC v. Wyandotte Plaza, LLC*, 2017-Ohio-5520, ¶ 10 (10th Dist.), quoting *McGeorge v. McGeorge*, 2001 Ohio App. LEXIS 2269 (10th Dist. May 22, 2001).

{¶ 13} Wilson's two assignments of error in this appeal relate solely to the alleged denial of his second motion for an extension of time; he does not challenge the substantive merits of the trial court's decision on Cedeno's summary-judgment motion and he has not appealed from the trial court's decision on his motion for relief from judgment. Wilson contends that because the second motion was not ruled on at the time the trial court entered final judgment it was denied. Although Wilson is correct that "when a trial court does not expressly rule upon a motion, it is deemed denied when a court enters final judgment," that presumes that the motion was before the court. *Caterpillar Fin. Servs. Corp. v. Harold Tatman & Son's Ents.*, 2019-Ohio-2110, ¶ 26 (4th Dist.).

{¶ 14} Here, Wilson's second motion for extension of time was not before the trial court for its consideration at the time the trial court issued its November 13, 2020 decision, and therefore, we cannot deem it as denied. Consequently, there are no issues for us to render a decision on. We acknowledge that an unfortunate oversight in this case renders a seemingly harsh result. Wilson attempted to correct the oversight by filing a Civ.R. 60(A) motion; the trial court denied his motion. However, Wilson has not appealed from the denial of his Civ.R. 60(A) motion, which makes us unable to review that decision. Accordingly, this appeal is dismissed.

{¶ 15} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, A.J., and
LISA B. FORBES, J., CONCUR